**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

PLESSEN EYE, LLC,

                  **Plaintiff,**

    **v.**

MARSHALL & STERLING
ENTERPRISES, INC., MARSHALL &
STERLING ST. CROIX, and
CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON ON POLICY
NO. B1230GP02941A17,

                  **Defendants.**

_____

1:25-cv-00026-WAL-EAH

TO:    Lee J. Rohn, Esq.
       Gregory Lee Mast, Esq.
       John Golden, Esq.
       Robert J. Kuczynski, Esq.

## ORDER

**THIS MATTER** comes before the Court on Defendant Marshall & Sterling Enterprises, Inc.'s Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Motion for Remand, filed on August 14, 2025 by Defendant Marshall & Sterling Enterprises, Inc. ("Enterprises"). Dkt. No. 39. Plaintiff Plessen Eye, LLC opposed the motion, Dkt. No. 51, and Enterprises filed a reply, Dkt. No. 57. For the reasons that follow, the Court will grant the motion and stay discovery against Enterprises and will sua sponte stay discovery against Defendant Marshall & Sterling St. Croix.

## BACKGROUND

On June 11, 2025, Defendant Certain Underwriters at Lloyd's of London on Policy No. B1230GP02941A17 ("Underwriters") removed this matter from the Superior Court of the Virgin Islands to this Court on the basis that the Convention on the Recognition and

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 2

Enforcement of Foreign Arbitral Awards (the "Convention"), implemented by the United States under the Federal Arbitration Act ("FAA"), conferred jurisdiction. Dkt. No. 1 at 4. Defendants Marshall & Sterling St. Croix ("M&S STX") and Enterprises did not object to removal. *Id.* at 3. The action arose out of an insurance policy covering Plessen's property located in Christiansted, St. Croix. Plessen asserted that the Defendants breached the policy in responding to its claims following damage caused by Hurricane Maria in 2017. *Id.* at 2.

The original complaint was filed in Superior Court in September 2019 naming Marshall & Sterling Inc., Marshall & Sterling St. Croix, and Thompson Heath & Bond, Ltd. as Defendants. Dkt. No. 1-1 at 2-21. Litigation proceeded there in the Complex Litigation Division, where numerous insurance coverage cases had been grouped together as part of the "In re: Hurricane Maria Insurance Cases." *Id.* at 128. Plessen moved to amend the complaint in November 2020 to replace Thompson Health & Bond as a defendant with Underwriters[1]; the court granted the motion in March 2022. Dkt. No. 1-1 at 128-30.

Plessen filed a Second Amended Complaint ("SAC") in Superior Court on March 24, 2022. Dkt. No. 1-1 at 133-53. It alleged that Enterprises and M&S STX were agents for Underwriters and participated in policy/practice decisions and underwriting related to its claim. *Id.* ¶¶ 10-12. Defendants sought out Plessen to serve its insurance needs; Plessen

---

[1] Plessen learned that Thompson Heath & Bond "was not Plaintiff's insurer, but rather a member of the Lloyd's of London syndicate underwriting Plaintiff's insurance" and thus that Underwriters is the correct Defendant Dkt. No. 1-1 at 77. The SAC merely replaced Defendant Marshall & Sterling Inc. with Enterprises as a Defendant without specifically seeking leave to do so. *Id.* at 84, 133.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 3

agreed, relying on the Defendants to properly underwrite its policies to cover against losses. *Id.* ¶¶ 19, 20. The SAC further alleged that, following Hurricane Maria (September 19, 2017), Plaintiff timely submitted claims to M&S STX and Enterprises; Underwriters, in concert with both M&S Defendants, provided adjustment services for losses sustained. *Id.* ¶¶ 33, 34. The Defendants allegedly committed misconduct regarding Plaintiff's rights under the policy, including hiring incompetent adjusters, misinterpreting the policy to withhold payment, failing to pay Plaintiff pursuant to the policy, and misrepresenting the nature and extent of insurance coverage. *Id.* ¶¶ 36-46. Plessen asserted ten causes of action: negligent/intentional misrepresentation (Count I); breach of the covenant of good faith and fair dealing (Count II); breach of duty to properly underwrite insurance policies and adjust claims (Count III); equitable estoppel (Count IV); violation of 22 V.I.C. § 228(a) (Count V); breach of fiduciary duty (22 V.I.C. §§ 2, 1201, 1204, 1209) (Count VI); violation of 29 V.I.C. § 310 (Count VII); breach of contract (Count VIII); deceptive trade practices (Count IX); and negligent contracting relationship with adjustment agency (Count X).

On the same day that Underwriters removed the case to district court, it filed a Motion to Dismiss or, in the alternative, for a more definite statement, Dkt. No. 2, as well as a Motion to Compel Arbitration, Dkt. No. 3.

### A. M&S STX's Answer and Enterprises' Motion to Dismiss

On June 17, 2025, M&S STX filed an answer, Dkt. No. 6, and on June18, 2025, it filed a notice of no objection to Underwriters' Motion to Compel Arbitration. Dkt. No. 12. On June

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 4

18, 2025, Enterprises filed a Motion to Dismiss for lack of personal jurisdiction. Dkt. Nos. 8,

9. It cited two allegations from the SAC about Enterprises' connection to the dispute:

> 5. Defendant Marshall & Sterling Enterprises, Inc. controls and participates in
> the establishment of the policies and procedures of Defendant Marshall &
> Sterling St. Croix and oversees the operations of the same. . .
>
> 11. Upon information and belief, the Marshall & Sterling Defendants
> participated in the policy and practice decisions and in the underwriting and
> adjustment decisions related to Plaintiff's claim.

*Id.* at 2 (quoting Dkt. No. 1-1 at ¶¶ 5, 11). To establish personal jurisdiction in the Virgin

Islands over a nonresident defendant, a plaintiff must assert a statutory basis under the V.I.

Long-Arm Statute and the defendant must have minimum contacts with the Virgin Islands

sufficient to satisfy constitutional due process. *Id.* at 3. Minimum contacts may be established

by general jurisdiction or specific jurisdiction. Enterprises contended there was no general

jurisdiction because Enterprises was not incorporated in the Virgin Islands (it was a New

York corporation), did not maintain its principal place of business in the Territory, nor could

it be considered at home in the Territory. Dkt. No. 9 at 1, 3, 5.

In addition, there was no specific jurisdiction. Three provisions of the V.I. Long-Arm

Statute may be relevant: if the entity transacts any business in the territory, causes tortious

injury by an act or omission in the territory, or causes tortious injury in the Territory by an

act or omission outside the Territory if it regularly does business or engages in a persistent

course of conduct in the Territory. *Id.* at 4-5 (quoting 5 V.I.C. § 4903(a)(1), (3), (4)).

Enterprises did not transact business in the Virgin Islands, as averred in its President & CEO's

attached Declaration, Dkt. No. 9-1, and it did not engage in any act or omission in the

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 5

Territory that caused Plaintiff harm, since the two allegations about it concern overseeing the operations of its local subsidiaries. Rather, M&S STX established its own policies and procedures and made decisions regarding its role as an insurance broker. *Id.* at 6-7.

Further, exercising jurisdiction over Enterprises would offend the Due Process Clause. Owning a subsidiary does not necessarily subject the parent corporation to jurisdiction; in order to do so, the Plaintiff must allege that the parent is the alter ego of the subsidiary, which it did not do. *Id.* at 7. Oversight of the subsidiary and centralization of services are not grounds to impute the subsidiary's contacts to its parent. *Id.* at 7-8. In the immediate aftermath of the hurricanes, six employees of the M&S companies travelled to the VI to assist M&S STX, but that contact was isolated: only one was employed by Enterprises, and he stayed two weeks. *Id.* at 8.

In its Opposition, Plaintiff argues that Enterprises' presence and actions, including through its subsidiaries, support exercising personal jurisdiction over it. Dkt. No. 36. Plessen cites numerous facts, including: the statement by Enterprises' CEO, Dkt. No. 9-1, that he visited the Virgin Islands twice a year for meetings; that Enterprises performs support services (payroll, human resources, advertising, IT, benefits administration) through another affiliate, Marshall & Sterling Services, Inc. for all branches; that Enterprises deployed six employees from M&S affiliates to the V.I. after the 2017 hurricanes; that Enterprises organized retreats, controlled payroll, and exercised authority over operations, which are regular and sustained contacts with the Territory. *Id.* at 2-3. Further, Enterprises included the Virgin Islands on its website and in its branding, the St. Thomas subsidiary president has

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 6

a seat on Enterprises' Board of Directors, employees of the V.I. subsidiaries (M&S STX and

M&S STT) participate in Enterprises' ownership structure, and the V.I. Government awarded

contracts to "entities operating under the Marshall & Sterling brand." *Id*. at 3-4.

Plaintiff argues that the Island Subsidiaries' contacts may be imputed to Enterprises

where the parent corporation controls and dominates the subsidiary as to disregard its

independent corporate existence. *Id.* at 7. This control—through its ownership, policy

oversight, employee deployment, HR administration, executive involvement, physical

presence, acquisition strategy, and direct governance linkages—shows that Enterprises has

engaged in business conduct in the Virgin Islands. *Id.* at 10-13. The Court has personal

jurisdiction under the Long-Arm Statute, 5 V.I.C. § 4903(a)(1), (2), and (6) because

Enterprises transacted business in the Virgin Islands; "through its agents," it contracted to

insure Plaintiff and its property in the V.I., and premium payments were made in the V.I.; and

contracted to supply services in the V.I. as the insurance contracts were entered into and

performed there, and the breach of contract claim arose out of those contracts. *Id.* at 13-16.

Plessen further contends that personal jurisdiction over Enterprises was satisfied due

process; general jurisdiction exists because Enterprises' "repeated physical presence" in the

V.I., its control over employment and compensation, its post-disaster interventions, shared

leadership and strategic acquisitions of V.I. firms demonstrate deliberate engagement with

the Territory. *Id.* at 17. Specific jurisdiction existed because Enterprises purposefully

directed its activities at the V.I. by selling insurance policies through its subsidiaries and

denying insurance benefits. *Id.* at 18. The litigation arose out of Enterprises' activities, as the

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 7

claims arose from M&S's contacts with the forum in selling insurance policies. *Id.* at 19.
Plessen added that although the facts showed that jurisdiction over Enterprises was proper,
if the court cannot resolve the motion to dismiss on the pleadings, it should grant Plaintiff
jurisdictional discovery. *Id.* at 20-21.

In its Reply, Enterprises asserted that Plaintiff did not make out a prima facie case for
personal jurisdiction: it resorted to unauthenticated website pages to create a false narrative
of Enterprises' corporate structure and the Third Circuit has cautioned against taking judicial
notice of such websites. Dkt. No. 49 at 2-3. Even if the websites were considered, the
information did not provide information specific to Enterprises and did not show that it
controlled the operations of its local affiliate. *Id.* at 3.-4. The evidence did not show general
jurisdiction, as Enterprises is at home in New York. *Id.* at 4. Plaintiff also did not show specific
jurisdiction because it did not allege that Enterprises contracted to insure anyone, supply
services, or insure property in the V.I. but that it, "through its agents," contracted to insure
Plaintiff in the V.I. *Id.* at 5-6. Plaintiff also provided no evidence that M&S STX was
Enterprises' agent. The complaint treated "Marshall & Sterling" as a broker, distinguishable
from an insurer or insurance company (such as Underwriters), and the Long-Arm Statute
applies to insurers. *Id.* at 6-7. Plaintiff failed to show that Enterprises' contacts with the
Virgin Islands was the but-for cause of its claims, as there was no evidence Enterprises issued
any insurance contracts in the V.I. or insured the Plaintiff. *Id.* at 7-8.

Moreover, Plaintiff provided no evidence that Enterprises exercised control over its
subsidiary via an agency relationship that had a nexus to the claim for relief; that Enterprises

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 8

manifested any desire for its subsidiaries to act on its behalf, particularly regarding underwriting and adjustment; that M&S STX consented to Enterprises' desires regarding underwriting and adjustment; that Enterprises had any right to control underwriting and adjustment decisions; or that Enterprises acted in any direct way, as opposed to indirectly through appointments and board votes. *Id*. at 8-10. Enterprises' CEO announcing raises and awards was not relevant to the analysis and did not show Enterprises' dominion over its subsidiaries. *Id.* at 11. Similarly, annual meetings held in the V.I., with teambuilding training, is different from training regarding underwriting and adjustment decisions and Plaintiff provides no specifics to show these activities were the but-for cause of Plaintiff's injuries. *Id.* Plaintiff should not be permitted jurisdictional discovery because it failed to explain what evidence it expected to find and how it would bear on any legal question. *Id.* at 12-13.

    **B.    Motion to Remand Filings**

    On July 10, 2025, Plessen filed a Motion to Remand to the Superior Court of the Virgin Islands on the ground that the district court lacked subject matter jurisdiction over the matter. Dkt. No. 21. It argued that the insurance policy contained a mandatory forum selection clause requiring exclusive jurisdiction in the courts of the Virgin Islands, and the arbitration provision did not override that choice of forum or provide an independent basis for removal. Dkt. No. 22 at 1. In addition, the FAA did not provide an independent basis for jurisdiction. *Id.* at 10.

    In its response, Underwriters asserted that the district court had already issued an opinion upholding the validity and enforceability of the same arbitration provision at issue

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 9

in this case, concluding that removal was proper and ordering arbitration. Dkt. No. 45 at 1-2

& n.1 (citing *Luna Music LLC v Exec. Ins. Servs., Inc.*, No. 20-cv-0002, 2022 WL 1801091 (D.V.I.

June 1, 2022)). The action was properly removed pursuant to the Convention and the FAA,

and the forum selection clause did not divest the federal court of jurisdiction, *id.* at 2-9.

### C.    M&S's Motion to Stay Discovery, Opposition, Reply

Following an initial conference on August 6, 2025, Enterprises filed a Motion to Stay

Discovery Pending Final Adjudication of its Motion to Dismiss for Lack of Personal

Jurisdiction and Plaintiff's Motion to Remand.[2] Dkt. No. 39. In its memorandum, Enterprises

argues that a stay of discovery is warranted given the factual and procedural circumstances

of this case and that all four factors weigh in favor of a stay. Dkt. No. 40 at 1, 5.

As to the first factor—whether a stay would unduly prejudice plaintiff or present a

clear tactical disadvantage to it—Plaintiff has shown little urgency in prosecuting this case,

and its claims are document-based, thereby minimizing reliance on memories or other

evidence. *Id.* at 5, 6. Plaintiff filed suit in 2019, two years after the hurricane, naming the

wrong insurance underwriter and a stateside Marshall & Sterling entity. It did not correct

those mistakes until 2022, and it did not serve Underwriters until May 2025. Moreover, no

party has served discovery beyond initial disclosures. This timeline undercuts any argument

that Plaintiff would experience undue prejudice due to a brief stay of discovery while the

Court adjudicates the Motion to Dismiss and Motion to Remand. By moving to remand,

---

[2] Underwriters filed a separate Motion to Stay Discovery on August 15, 2025. Dkt. No. 41.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 10

Plaintiff demonstrated a clear preference to have the case litigated in the Superior Court where there is little chance of discovery commencing in the near future. *Id.*

The second factor—whether denial of a stay would create a clear case of hardship and inequity for the moving party—also weighs in favor of a stay. Enterprises will face extreme hardship and inequity if it would be required to waive its challenge to personal jurisdiction by engaging in discovery. *Id.* at 7. Also, because of the numerous claims asserted (10), the Plaintiff will likely seek burdensome discovery (as it did in Superior Court). *Id* at 8 & Dkt. No. 40-1. Discovery would cause hardship because Enterprises made a clear and convincing showing that its Motion to Dismiss would be granted which weighs in favor of a stay. *Id.*

The third factor—whether a stay would simplify the issues and trial of the case—requires the Court to take a "preliminary peek" at the merits of the Motion to Dismiss. *Id.* at 9. Because Enterprises is a holding company that does not control the operations of its affiliates like M&S STX, the Court has no personal jurisdiction over it. *Id.* And given that Plaintiff filed a Motion to Remand, the Court need not limit its preliminary peek to just Enterprises' motion to dismiss. *Id.* (citing cases). While the District Judge could deny both motions, the prudent path is to stay discovery pending resolution of both motions. *Id.* at 10.

The fourth prong—whether discovery is complete and a trial date has been set—also favors a stay. No discovery has been exchanged beyond initial disclosures and the Court has not issued a scheduling order or set a trial date. Case law holds that similarly-positioned cases warranted a stay. *Id.* (citing cases).

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 11

In its Opposition, Plaintiff argued that it would be unduly prejudiced by a stay because the events underlying the case transpired in 2017 and it has languished long enough. Dkt. No. 51 at 9. Enterprises' statement that Plaintiff showed "little urgency in prosecuting the case" was an oversimplification, given that from September 2017 through October 2018, the Territory was in a state of emergency; it promptly moved to amend the complaint within a year of filing suit when it learned that it named the incorrect underwriter; from 2020 through 2022, the COVID emergency occurred; the Superior Court did not grant its motion to amend until 2022 and it did not receive notice of that Order until March 2025 and promptly effectuated service. *Id.* at 9-10. It has had no opportunity to obtain discovery, witnesses' memories have been deteriorating and they may not be located. Defendant's position that the case relies on documents is "unfounded," as depositions will be needed. *Id.*

Secondly, denial of a stay would not create a clear case of hardship for the Defendant because a party is deemed to have waived the defense of personal jurisdiction if it litigates the underlying merits or engages in extensive litigation applied if it failed to assert a challenge to jurisdiction until after actively litigating the case. *Id.* at 11. Here, Enterprises has preserved its objection to personal jurisdiction and engaging in discovery would not waive Defendant's objection. *Id.* Enterprises' argument that it would be burdened because discovery will be "broader and more extensive," as the Court found in *Ainger*, 2022 WL 313079, at *9, is not applicable because the broader discovery in *Ainger* went beyond the defendant's particular damages to encompass damages affecting all of the defendant's customers; Plessen's discovery requests relate only to its claims. *Id.* at 12.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 12

Third, a stay would not simplify the issues and trial of this case. Defendant partially relies on Plaintiff's Motion to Remand to support a stay. While Plessen believes it will prevail on that motion, it does not believe it should serve to stay discovery because any discovery the parties exchange, in district court or Superior Court, will be relevant to its claims against the Defendants. *Id.* at 13. As for the Motion to Dismiss, Enterprises failed to make a clear and convincing showing that the motion would be granted. Plaintiff contends that Defendant engaged in continuous and deliberate activities in the Virgin Islands, thereby establishing minimum contacts; it availed itself of the forum by marketing and selling its products to residents, and it holds all shares in its V.I. subsidiaries. *Id.* at 14. Its Opposition to the Motion to Dismiss provided detailed facts demonstrating Enterprises' contacts in the V.I. *Id.* at 14-15. Even if Enterprises prevailed on its Motion to Dismiss, that would not resolve the entire case, and courts agree that a stay of discovery is rarely appropriate unless resolution will dispose of the entire case.[3] *Id.* at 15. Finally, while a trial date has not been set, discovery has begun and should be permitted to continue. *Id.* at 15-16. This case has been pending for eight years, so Enterprises' argument that "similarly positioned cases warranted a stay" does not apply. *Id.* at 16. In the alternative, Plaintiff cites its Opposition to the Motion to Dismiss where it stated that if the Court disagreed that personal jurisdiction was not established, it should

---

[3] The one ruling Plaintiff relies upon for this proposition, *Coca-Cola Bottling Co. of the Lehigh Valley v. Grol*, No. 92-cv-7061, 1993 WL 13139559 at *2 (E.D. Pa. Mar. 8, 1993), is inapposite because that court provided no support for that statement and did not apply the four prongs required in this Court to stay discovery.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 13

be allowed to conduct jurisdictional discovery. It argues that if the Court is inclined to grant

the Motion to Stay, it should also allow jurisdictional discovery.[4] *Id.* at 17-18.

In its Reply, Enterprises contends that Plessen's primary argument on the first factor

relies on speculation and an overly-simplistic version of the litigation history of this case.

Dkt. No. 57 at 2. It notes that Plaintiff identified the wrong underwriter at the outset, and

promptly moved to amend, but there is no explanation why that basic fact was not known

prior to filing suit. Nevertheless, virtually nothing substantive has occurred in Superior Court

where no case management order has issued. A brief stay provides this Court with an

efficient opportunity to address two threshold issues: subject matter and personal

jurisdiction over Enterprises. *Id.* at 2-3. Plessen's generic argument does not identify any

witnesses whose memories are deteriorating. *Id.* at 3.

Denial of a stay would cause Enterprises hardship because it may waive its challenge

to personal jurisdiction by engaging in discovery, and because it made a clear and convincing

showing in its Motion to Dismiss that the Court lacks personal jurisdiction over it. *Id.* at 3-4.

Further, this case is not distinguishable from the onerous discovery in *Ainger* because

Plaintiff's requests are not limited to its claims or even hurricane-related property insurance.

*Id.* at 4 (citing Dkt. No. 40-1). A stay would simplify the issues: the Motion to Remand, that

Plaintiff believes will be successful, would dismiss the entire matter. *Id.* at 5. As to the Motion

---

[4] The Court will not entertain this argument, as Plaintiff's actual request for jurisdictional
discovery was made in response to the Motion to Dismiss, Dkt. No. 36 at 20-21, and such
relief is procedurally inappropriate in an opposition to a Motion for Stay of Discovery.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 14

to Dismiss, Enterprises is a holding company that does not control or manage day-to-day operations of local affiliates. *Id.* While Plaintiff attempts to downplay the fourth factor by arguing the case has been pending for eight years, Underwriters was served only in May 2025 and the case was removed to the district court in June 2025, where it has been pending less than six months. This factor weighs in favor of a stay. *Id.* at 5-6.

## DISCUSSION

### I.    Relevant Standards and Case Law

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26 does, however, provide that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). It is well settled, though, that "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936). Matters of docket control and the conduct of discovery have long been "committed to the sound discretion of the district court," *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982), including whether to stay discovery, *Ferguson v. USAA Gen. Indem. Co.*, 334 F.R.D. 407, 409 (M.D. Pa. 2019) (citing, inter alia, *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)).  That discretion

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 15

extends to decisions by U.S. Magistrate Judges. *See Harman v. Datte*, 427 F. App'x 240, 243

(3d Cir. 2011) (finding that magistrate judge did not abuse his discretion in staying discovery

pending review of motions to dismiss the complaint).

Still, motions to stay discovery "are not favored because when discovery is delayed

or prolonged it can create case management problems which impede the court's

responsibility to expedite discovery and cause unnecessary litigation expenses and

problems." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.,* 2002 WL 1971256, at *6 (E.D. Pa. Aug.

22, 2002) (internal quotation marks omitted). In addition, a stay of discovery "is not

appropriate solely because a motion to dismiss is pending." *Pennsylvania v. Navient Corp.*,

348 F. Supp. 3d 394, 401 (M.D. Pa. 2018) (internal quotation marks omitted); *see also* LRCi

26.6 (discovery not automatically stayed upon filing of a Rule 12 motion to dismiss).

In this Circuit, when deciding whether to exercise their discretion to grant a stay of

discovery after a dispositive motion has been filed, courts weigh four considerations:

> (1) whether a stay would unduly prejudice or present a clear tactical
> disadvantage to the non-moving party; (2) whether denial of the stay would
> create a clear case of hardship or inequity for the moving party; (3) whether a
> stay would simplify the issues and the trial of the case; and (4) whether discovery
> is complete and/or a trial date has been set.

*Clarity Sports Int'l LLC v. Redland Sports*, 400 F. Supp. 3d 161, 182 (M.D. Pa. 2019) (internal

quotation marks omitted); *see also In re Revel Ac, Inc.,* 802 F.3d 558, 565 (3d Cir. 2015); *Vitalis*

*v. Crowley Caribbean Servs.*, *LLC*, No. 20-cv-00020, 2021 WL 4494192, at *1 (D.V.I. Sept. 30,

2021). In *Ainger v. Great American Assurance Company*, No. 1:20-cv-00005, 2022 WL

3139079, at *7 (D.V.I. Aug. 4, 2022), this Court adopted a "preliminary peek" approach in

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 16

deciding whether to stay a case pending resolution of a dispositive motion. This involves a preliminary consideration of the potential merits of the dispositive motion and an assessment of whether the motion to dismiss is likely to be granted. Therefore, in assessing the third prong of the stay test, this Court will follow its preliminary peek cases that conclude a stay is warranted only when the defendant makes a "clear and convincing" showing that the motion to dismiss will likely be granted. In the Court's view, this concise articulation emphasizes the high bar a movant needs to overcome in order for its stay motion to be successful. *See Warden v. Tschetter Sultzer, P.C.*, 2022 WL 1487576, at *4-5 (D. Colo. May 11, 2022). The Court subsequently issued numerous orders regarding the factors required for a stay of discovery. *See, e.g., Sunshine Shopping Ctr. Inc. v. Travelers Excess & Surplus Lines Co.*, No. 24-cv-0026, 2025 WL 1235370 (D.V.I. Apr. 29, 2025)*; Doe v. Office of Disciplinary Counsel,* No. 24-cv-0020, 2025 WL 1158681 (D.V.I. Mar. 7, 2025)*; McCurdy v. Johnson & Johnson,* No. 23-cv-0018, 2023 WL 10512305, at *3 (D.V.I. Oct. 16, 2023); *Codrington v. Steadfast Ins. Co.*, No. 19-cv-0022, 2023 WL 2329440 (D.V.I. Mar. 2, 2023).

## II.    Application

### A.  Whether a Stay Would Unduly Prejudice or Present a Clear Tactical Disadvantage to the Non-Moving Party

This case was originally filed in Superior Court in September 2019. Dkt. No. 1-1 at 2-22. In November 2020, Plessen filed a motion to amend the complaint, *id.* at 76-125. *Id.* at 126. The Superior Court granted the motion in March 2022. *Id.* at 128-30. While Plaintiff filed its SAC in March 2022, *id.* at 133-53, Underwriters was served *for the first time* in April 2025,

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 17

*id.* at 131-32, and removed the case to this Court in June 2025, Dkt. No. 1. Two months after

removal, Underwriters and Enterprises filed motions to stay discovery. The Court agrees

with Enterprises' view that this timeline shows a general lack of diligence on Plaintiff's part,

such that it would not be prejudiced by a brief stay of discovery. Plaintiff's position that it did

not receive notice of the Superior Court's March 2022 Order granting the motion to amend

to add Underwriters as a Defendant until March 2025, Dkt. No. 52 at 10, clearly shows a lack

of diligence in prosecuting the case. Thus, Plaintiff's argument that it would be unduly

prejudiced by a stay of discovery falls flat. The Court is cognizant of the holding in *Udeen v.*

*Subaru of America, Inc.*, 378 F. Supp. 3d 330, 333 (D.N.J. 2019), that a delay in discovery can

be prejudicial to plaintiffs because memories fade and evidence can be lost. However, most

of the claims here are contract/document based, thereby minimizing reliance on memories

or other evidence. *Ainger*, 2022 WL 3139079, at *8. And while Plessen makes general

statements that memories fade, it does not specifically identify "any evidence or witnesses

of particular concern." *Motylinski v. Meade*, No. 22-cv-38, 2022 WL 16948615, at *3 (D.V.I.

Nov. 15, 2022) The Court therefore concludes that the Plaintiff would not be unduly

prejudiced by a stay and that this factor favors a stay.

### B. Whether Denial of a Stay Would Create a Clear Case of Hardship or Inequity for the Moving Party

Enterprises argues that it would experience extreme hardship and inequity if

required to participate in discovery, given that courts have found that a party may waive it

challenge to personal jurisdiction by engaging in discovery; the discovery burdens would

likely be onerous in this case; and because it has made a clear and convincing showing on the merits Dkt. No. 40 at 7-8. Plessen counters that a party waives a personal jurisdiction challenge after actively litigating a case, and Enterprises has preserved its objection which allows the parties to engage in discovery. It adds that discovery would not be broad and extensive because all the discovery requests will relate to their claims. Dkt. No. 51 at 11-12.

When addressing this stay prong, this Court has cited case law holding that defendants "are always burdened when they are sued, and the ordinary burdens associated with litigating a case do not constitute undue burdens." *Warden*, 2022 WL 1487576, at *5 (citation modified); *cf. Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) (opining that "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not satisfy burden on movant seeking a protective order). However, balanced against that point is the fact that this Court has held that if a defendant seeking a stay makes a "clear and convincing showing" on the next stay prong—whether a stay would simplify the issues and trial—such that the Motion to Dismiss (here, based on lack of personal jurisdiction) would likely be granted, it would be unfair to subject that defendant to discovery. *Mosler v. Carins*, No. 19-cv-0007, 2022 WL 3370731, at * (D.V.I. Aug. 16, 2022). Given that the Court concludes that the next prong weighs in favor of a stay, this factor does as well—or is, at the least, at equipoise, favoring neither party's position.

### C. Whether a Stay Would Simplify the Issues and the Trial of the Case

Enterprises argues that a stay would simplify the issues and the trial of the case because a "preliminary peek" at the merits of its Motion to Dismiss would result in the Court

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 19

concluding that personal jurisdiction is lacking because Enterprises is a holding company that does not control the operations of M&S STX. In addition, Plaintiff's Motion to Remand also counsels in favor of a stay. Dkt. No. 40 at 8-10. Plessen counters that Enterprises purposefully availed itself of the Virgin Islands forum, sold its products directly to residents and has significant contacts in the V.I. Dkt. No. 51 at 13-15. Having taken a "preliminary peek" at the Motion to Dismiss filings, the Court concludes that Enterprises has made a clear and convincing showing that its Motion to Dismiss would likely be granted.

Once a defendant raises the defense of lack of personal jurisdiction pursuant to. Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). If the Court does not hold an evidentiary hearing, the plaintiff must establish "a prima facie case" of personal jurisdiction, requiring the Court to "take all of his allegations as true[5] and resolve any factual disputes in his favor." *Kabbaj v. Simpson*, 547 F. App'x 84, 86 (3d Cir. 2013). In the absence of an evidentiary hearing, "if the defendant contradicts the plaintiff's allegations through opposing affidavits . . . a plaintiff must present particular evidence in support of personal jurisdiction." *Codrington v. Deep S. Surplus of Texas*, No. 19-cv-0026, 2023 WL 2742057, at *4 (D.V.I. Mar. 31, 2023) (citation modified).

---

[5] The allegations related to Enterprises in the SAC consist of a legal conclusion and an allegation "upon information and belief," neither of which the District Judge would likely take as true. Dkt. No. 1-1 ¶¶ 5, 41.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 20

The Court applies a two-part test in order to determine whether it has personal jurisdiction over a nonresident defendant in the Virgin Islands. *See Jacobs v. Hilton Worldwide Holdings*, Inc., No. 18-cv-0038, 2020 WL 5579825, at *2 (D.V.I. Sept. 17, 2020). "First, there must be a statutory basis for exercising jurisdiction over the nonresident defendant in accordance with the Virgin Islands Long–Arm Statute, V.I. Code Ann. tit. 5, § 4903." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). Second, the exercise of jurisdiction must comport with the requirements of "constitutional due process." *Id.* Courts interpret the Long-Arm Statute as "coextensive with the maximum perimeters of the due process clause." *Urgent v. Tech. Assistance Bureau, Inc.*, 255 F. Supp. 2d 532, 535 (D.V.I. 2003). "Thus, the issue here may be analyzed by determining whether Plaintiff has properly alleged a basis for personal jurisdiction under the Due Process Clause." *Walter v. Old No. 77 Hotel & Chandlery*, No. 23-cv-0030, 2024 WL 1347392, at *2 (D.V.I. Mar. 28, 2024). A court may exercise either general or specific jurisdiction over a defendant under the Due Process Clause. "General jurisdiction extends to all claims against a defendant and exists where a company is essentially at home." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021) (citation modified). "With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (citation modified).

The Long-Arm Statute "permits the Court to exercise personal jurisdiction over a person who acts directly or by an agent as to a claim for relief." *Gov't of U.S. V.I. v. Takata Corp.*, No. 16-cv-286, 2017 WL 3390594, at *8, 67 V.I. 316, 348 (V.I. Super. Ct. June 19, 2017).

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 21

In determining agency for purposes of personal jurisdiction, Virgin Islands courts assess

whether "[1] the parent has manifested its desire for the subsidiary to act on the parent's

behalf, [2] the subsidiary has consented so to act, [3] the parent has the right to exercise

control over the subsidiary with respect to matters entrusted to the subsidiary, and [4] the

parent exercises control in a manner more direct than by voting a majority of stock in the

subsidiary or making appointments to the subsidiary's Board of Directors." *Id.* at *9.

Plessen contends that three provisions of the Long-Arm Statute provide personal

jurisdiction over Enterprises—5 V.I.C. §§ 4903(a)(1),[6] that Enterprises transacted business

in the Virgin Islands; § 4903(a)(2), that Enterprises contracted to supply services or things

in the V.I.; and § 4903(a)(6), that Enterprises contracted to insure any person, property, or

risk located in the V.I. Dkt. No. 36 at 12-15. Its argument is based not on Enterprises itself

satisfying the provisions, but that M&S STX, as Enterprises' agent, satisfies the provisions.

*Id.* at 14. The Declaration from Enterprises' CEO states that Enterprises has never controlled

or participated in the insurance brokerage services of M&S STX or its policy or practice

decisions and underwriting and adjustment of Plaintiff's claims; Marshall & Sterling Services,

Inc. is the only affiliated company that does any meaningful work with M&S STX; after the

2017 hurricanes, six employees from M&S family traveled to the V.I. for one or two weeks to

assist M&S STX with clerical work, but not to run or manage it; he visits twice a year to

---

[6] "Transacting business is a term of art which means less than doing business but more than performing some inconsequential act within a jurisdiction . . . [It] requires a defendant to engage in some type of purposeful activity within the territory." *Hendrickson v. Reg O Co.*, No. 79-cv-245, 1980 WL 626260, at *3 (D.V.I. May 28, 1980), *aff'd*, 657 F.2d 9 (3d Cir. 1981).

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 22

discuss its financial performance; and Enterprises does not do any business in the Territory or participate in M&S STX business decisions. Dkt. No. 9-1.

In response, Plessen has provided a potpourri of support to show that M&S STX was Enterprises' agent, such as numerous pages from Enterprises' website purportedly showing a "unified corporate identity" with the subsidiaries, Dkt. No. 36-2 to 36-5; an affirmation by an M&S STT employee (employed between 2017-2020) noting Enterprises' Human Resources oversight of the subsidiaries, Dkt. No. 36-1; a Government of the V.I. contract with M&S STX for brokerage services, Dkt. 36-8 at 28; an article from the Source, Dkt. No. 36-6; and a Dun & Bradstreet printout. Dkt. No. 36-7. But the Third Circuit has cautioned against courts taking judicial notice of company websites for the truth of the matters asserted, given, inter alia, that the text is unauthenticated and thus not admissible, and such marketing material contains puffery. *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). Similarly, the Dun & Bradstreet page is unhelpful, as it is unexplained and unauthenticated. The former M&S STT employee's affirmation concerning Human Resources oversight and Enterprises' involvement in teambuilding events is not probative, given that case law provides that "[t]he use of an integrated sales system and use of services from defendant parent's IT and HR departments likewise are not sufficient [to establish personal jurisdiction]. These characteristics of this parent-subsidiary relationship merely show the resources defendant parent provided to its operating subsidiaries, but they do not show a high-level of operational control over the operating subsidiaries"—nor does a common marketing image on the parent corporation's website. *In re Enter. Rent-A-Car Wage & Hour Emp. Pracs. Litig.*,

735 F. Supp. 2d 277, 323 (W.D. Pa. 2010), *aff'd* 683 F.3d 462 (3d Cir. 2012). Further, Enterprises' CEO's Declaration identified Marshall & Sterling Services, Inc.—a different affiliate—as "the only affiliated company that does any meaningful work with and on behalf of [M&S STX] limited to Human Resources, IT, Advertising, Payroll and Benefits Administration functions, which Marshall & Sterling Services, Inc. performs for the entire Marshall & Sterling family of affiliated companies." Dkt. No. 9-1 at ¶ 12. Generic team building events similarly do not suggest Enterprises' dominion over M&S STX, and Plaintiff provides no authority for the Court to so conclude. These examples, individually and together, even when taking the SAC's allegations as true, do not appear to raise any disputed facts or constitute "competent evidence" to support personal jurisdiction under the Long-Arm Statute that Enterprises transacted business in the Virgin Islands under 5 V.I.C. § 4903(a)(1). *Walter*, 2024 WL 147392, at *2.

The "contracted to supply services" provision of the Long-Arm Statute is based on Plaintiff's conclusory assertion that the insurance contract at issue was entered into and performed in the Virgin Islands and the breach arose out of those contracts. Dkt. No. 36 at 15. But Plessen provided no evidence that Enterprises entered any insurance contract in the Virgin Islands, much less with Plessen. The contract was entered into between Plessen and Thompson Heath & Bond Ltd., Dkt. No. 3-1. Dkt. No. 3-2. Enterprises' CEO averred that Enterprises exercises only oversight capacity as owner of their outstanding shares of corporate stock. Dkt. No. 9-1 ¶ 11. As to the "contracted to insure" provision of the Long-Arm Statute, Plessen contends that Enterprises, *through M&S STX*, "contracted to insure property

in the Virgin Islands" and contacted Plaintiff through personal interaction and the claims process to inform it about its policies' statuses and claims. Dkt. No. 36 at 14. But the SAC provides that Underwriters insured Plaintiff and provided insurance coverage. Dkt. No. 1-1 ¶ 26. In other words, Underwriters was the insurer that would be subject to personal jurisdiction under this provision, not Enterprises. Consequently, Sections 4903(a)(2) and 4903(a)(3) do not appear to support personal jurisdiction over Enterprises. Plessen has provided no reason to ignore the corporate separateness of Enterprises and M&S STX. *See Kehm Oil Co. v. Texaco, Inc.*, 537 F.3d 290, 301 (3d Cir. 2008) (quoting *Escude Cruz v. Ortho Pharm. Corp.*, 619 F.2d 902, 905 (1st Cir. 1980) ("The mere fact that a subsidiary company does business within a state does not confer jurisdiction over its nonresident parent, even if the parent is the sole owner of the subsidiary.")).

If personal jurisdiction appears to be lacking under the Long-Arm Statute, a court need not engage in a due process analysis. *Kressen v. Fed. Ins. Co.* 122 F. Supp. 2d 582, 586 (D.V.I. 2000). Thus, Enterprises has shown that the preliminary peek factor weighs in favor of a stay.

### D.    Whether Discovery is Complete and/or a Trial Date Has Been Set

This Court issued an Order in March 2025 providing deadlines for the parties to exchange initial discovery and setting an initial conference for April 30, 2025. Dkt. No. 22. Following that conference, Underwriters and Enterprises filed Motions to Stay. Discovery has barely begun, no Scheduling Order has been issued, and no trial date has been set.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 25

Accordingly, this factor weighs in favor of a stay. *See Ainger*, 2022 WL 3139079, at *10 (minimal discovery in a case weighs in favor of granting a stay on this prong).

In sum, at least three of the four factors weigh in favor of granting a stay of discovery. The Court therefore concludes that a stay of discovery regarding Defendant Enterprises is warranted pending the District Judge's adjudication of Enterprises' Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 8.[7]

## II.        Position of M&S STX

Having granted the Motion to Stay Discovery filed by Defendant Underwriters, and now having granted Enterprises' Motion to Stay Discovery, the question is how to proceed with the one remaining Defendant, M&S STX, that filed an answer and did not move to stay discovery. It is well established that "matters of docket control and conduct of discovery are committed to the sound discretion" of the Court. *In re Fine Paper Antitrust Litig.*, 685 F.2d at 817. Several courts—including this Court—have recognized that the power to stay may be invoked by the court *sua sponte. See, e.g., Codrington v. Steadfast Ins. Co.,* No. 1:19-CV-00026, 2023 WL 2329440, at *7 (D.V.I. Mar. 2, 2023) (exercising discretion and sua sponte staying discovery against a separate defendant as being prudent from a case management perspective to avoid duplication of effort in later discovery so that it would not proceed in a

---

[7] The Court does not base the granting of the motion to stay on the disposition of the Motion to Remand, Dkt. No. 21. If the Motion to Remand is granted, the case will return to Superior Court. However, if it is not granted, Enterprises will remain a Defendant in this case. It is the District Judge's adjudication of the Motion to Dismiss that will dictate whether Enterprises remains in this lawsuit in federal court.

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 26

piecemeal fashion); *Tatum v. Chrysler Group, LLC,* 2011 WL 6303290, at *3 (D.N.J. Dec. 16, 2011) ("the Court stays the action *sua sponte* for purposes of avoiding potentially duplicative litigation and discovery."); *First Nonprofit Ins. Co. v. Alexander,* 2009 WL 2256473, at *4 (E.D. Pa. Jul. 27, 2009) ("the Court may order such a stay *sua sponte*"); *Maurer v. Int'l Union United Auto.,* 487 F. Supp. 731, 740 (M.D. Pa. 1979) ("I do believe that it is both proper and desirable for the court to stay these proceedings *sua sponte . . .* The court has the inherent authority to direct that there be such a stay.").

Here, the interests of the parties and the Court would be served by not pursuing discovery against only one Defendant, M&S STX, as such a process would, first, run the risk of the case proceeding in a completely unsettled legal landscape where three potentially dispositive motions have been briefed, and where this Court has opined that two of them may be successful. Thus, the case as it now exists will likely be different from how (or if) it will be once those motions are addressed. Second, proceeding in discovery only against M&S STX may very well subject it to duplicate discovery when the case resumes after the stay. Third, a stay against M&S STX would not result in actual and substantial prejudice to the Plaintiff, given the analysis concerning the first stay factor above. The Court will therefore, sua sponte, stay discovery against Defendant M&S STX.

## CONCLUSION

Accordingly, it is hereby **ORDERED:**

*Plessen Eye, LLC v. Marshall & Sterling Enters., Inc.*
1:25-cv-00026-WAL-EAH
Order
Page 27

1.     Marshall & Sterling Enterprises, Inc.'s Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Plaintiff's Motion for Remand, Dkt. No. 39, is **GRANTED**.

2.     Discovery is therefore **STAYED** as against Enterprises pending resolution of its Motion to Dismiss by the District Judge.

3.     Discovery is also **STAYED,** sua sponte, as against Defendant Marshall & Sterling, St. Croix, until the District Judge rules on Enterprises' Motion to Dismiss, Underwriters' Motion to Compel Arbitration, and Plaintiff's Motion to Remand.

ENTER:

Dated: December 10, 2025

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE