**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| PLESSEN EYE, LLC,<br><br>     **Plaintiff,**<br><br>     v.<br><br>MARSHALL AND STERLING<br>ENTERPRISES, INC., MARSHALL<br>AND STERLING ST. CROIX, INC.<br>and CERTAIN UNDERWRITERS AT<br>LLOYD'S OF LONDON ON POLICY NO.<br>B1230GP02941A17,<br><br>     **Defendants.** | ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:25-cv-0026** |

ATTORNEYS:

LEE J. ROHN, ESQ.
RHEA LAWRENCE, ESQ.
LEE J. ROHN & ASSOCIATES
ST. CROIX, U.S.V.I.
  *FOR PLAINTIFF PLESSEN EYE, LLC*

GREGORY LEE MAST, ESQ.
FIELDS HOWELL LLP
ATLANTA, GA
MARSHALL N. LAHIFF, ESQ.
FIELDS HOWELL LLP
JOHN GOLDEN, ESQ.
MIAMI, FL
  *FOR DEFENDANT CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON ON*
  *POLICY NO. B1230GP02941A17*

ROBERT J. KUCZYNSKI, ESQ.
LAW OFFICE OF BECKSTEDT & ASSOCIATES
ST. CROIX, U.S.V.I.
  *FOR DEFENDANTS MARSHALL AND STERLING, INC. AND MARSHALL AND STERLING ST. CROIX*

## MEMORANDUM OPINION

**ROBERT A. MOLLOY, Chief Judge**

**THIS MATTER** comes before the Court on Defendant Certain Underwriters at Lloyd's of London on Policy No. B1230GP02941A17 ("Defendant Underwriters") Motion for Reconsideration of the March 26th Order Granting Plaintiff's Motion to Remand filed on April 9, 2026. (ECF No. 68.) Plaintiff Plessen Eye, LLC ("Plaintiff") filed an Opposition on April 21, 2026. (ECF No. 70.) Defendant Underwriters filed a Reply on April 22, 2026. (ECF No. 71.) For the reasons discussed below, the Court will deny Defendant Underwriters' Motion for Reconsideration.

## I.    BACKGROUND

The facts relevant to this matter are recited in the Court's March 26, 2026 Order, ECF No. 64 at 2-4, and are incorporated herein by reference.

Plaintiff filed a Complaint in the Superior Court of the Virgin Islands on September 20, 2019. (ECF No. 1-1 at 2.) On April 14, 2025, following leave granted by the Superior Court to file a Second Amended Complaint, Plaintiff filed a summons for Defendant Underwriters in Superior Court. (ECF No. 1-1 at 131.) On May 21, 2025, Defendant Underwriters received the summons, along with the "Second Amended Complaint." (ECF No. 1-1 at 131.) On June 11, 2025, Defendant Underwriters removed this case to federal court, asserting that this action is removable under the Federal Arbitration Act ("FAA"). (ECF No. 1 at 4.)

This Court found in its March 26, 2026 Memorandum Opinion, accompanying its Order of even date, that the insurance policy at issue in the instant litigation, Policy No. B1230GP02941A17 ("the Policy"), contained an arbitration clause and that the arbitration

*Plessen Eye, LLC, v. Marshall and Sterling Enters., Inc.*
Case No. 1:25-cv-0026
Memorandum Opinion
Page 3 of 11

agreement "falls under" the FAA. (ECF No. 65 at 9-14.) However, the Court found that Defendant Underwriters contractually waived its right of removal under the FAA in the forum selection clause of the Policy, which provides for exclusive jurisdiction in the local courts of the Virgin Islands. *Id.* at 20-24. Defendant Underwriters seek reconsideration of this ruling under Virgin Islands Local Rule LRCi 7.3(a)(3), asserting "the need to correct clear error or prevent manifest injustice." (ECF No. 68 at 1.)

## II.     LEGAL STANDARD

Under the Local Rules of Civil Procedure, a motion to reconsider must be based on 1) an intervening change in controlling law; 2) the availability of new evidence, or 3) the need to correct clear error or prevent manifest injustice. LRCi 7.3. The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "[M]otions for reconsideration 'are not substitutes for appeals and are not to be used as a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *Virgin Grand Ests. #60 Villa Ass'n v. Inter-Ocean Ins. Agency, St. Thomas, LLC*, Civil No. 2021-0074, 2025 U.S. Dist. LEXIS 53712, at *5 (D.V.I. Mar. 24, 2025); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case . . .").

*Plessen Eye, LLC, v. Marshall and Sterling Enters., Inc.*
Case No. 1:25-cv-0026
Memorandum Opinion
Page 4 of 11

### III.  DISCUSSION

Defendant Underwriters makes two arguments in support of their motion for reconsideration "to correct clear error and prevent manifest injustice." (ECF No. 68 at 2.) First, Defendant Underwriters argues that the Court "did not discuss critical language in the decision as it applies to this policy," under *Ario v. Underwriting Members of Syndicate 53 at Lloyds for the 1998 Year of Account*, 618 F.3d 277 (3d. Cir. 2010), *as amended*, (Dec. 7, 2010), which Defendant Underwriters argues "should have changed the result." (ECF No. 68 at 2.) Second, Defendant Underwriters argues that while the Policy states that "each party agrees to submit to the exclusive jurisdiction of the U.S. Virgin Islands' Courts," the use of the "plural" for the word "Courts" is "at best ambiguous" and cannot be read to "expressly limiting jurisdiction to the Superior Court of the Virgin Islands." *Id.* The Court will address each argument.[1]

Clear error exists if, "after reviewing the evidence, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Virgin Grand Ests. #60 Villa Ass'n*, 2025 U.S. Dist. LEXIS 53712, at *7-8 (quoting *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016). Similarly, manifest injustice "generally means that the

---

[1] Plaintiff argues in its opposition that, pursuant to 28 U.S.C. § 1447(d), the Court "lacks jurisdiction to consider Defendants' motion for reconsideration because the remand has already been effectuated" and "a district court is divested of jurisdiction once the clerk mails a certified copy of the remand order to the state court." (ECF No. 70 at 2.) Defendant Underwriters correctly identified that the Third Circuit has found that an "order of remand[], based on the forum selection clause in the contract between [the Parties], is not rendered unappealable by section 1447(d)." (ECF 71 at 4 (citing *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1211 (3d Cir. 1991).) Accordingly, the Court determines that it possesses jurisdiction to consider the motion for reconsideration and will disregard Plaintiff's argument. *See, e.g.*, *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 152 (3d Cir. 2000) ("This Court has appellate jurisdiction because an order remanding on the grounds that a forum selection clause in the parties' contract has waived the defendant's removal rights is a collateral order that is treated as final for purposes of appeal."); *Cowatch v. Sym-Tech Inc.*, 253 F. App'x 231, 233 (3d Cir. 2007) ("Because § 1447(c) applie[s] only to remand orders 'on the basis of any defect in remand procedure,' and a forum selection clause [i]s not a procedural defect, § 1447(d) d[oes] not bar review.").

*Plessen Eye, LLC, v. Marshall and Sterling Enters., Inc.*
Case No. 1:25-cv-0026
Memorandum Opinion
Page 5 of 11

Court overlooked some dispositive factual or legal matter that was presented to it." *Id.* (citing

*Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, at *2 (D.V.I. Oct.

5, 2012). "Manifest injustice has also been defined as an 'error in the trial court that is direct,

obvious, and observable.'" *Id.*

### A. Use of the Plural "Courts"

As noted above, Defendant Underwriters argues that while the Policy states that "each

party agrees to submit to the exclusive jurisdiction of the U.S. Virgin Islands' Courts," the use

of the "plural" for the word "Courts" is "at best ambiguous" and cannot be read to "expressly

limiting jurisdiction to the Superior Court of the Virgin Islands." (ECF No. 68 at 2.) Defendant

Underwriters has provided no caselaw in support of reading the word "Courts" in the plural

as "ambiguous." Notwithstanding the fact that a motion for reconsideration is "not to be used

as a vehicle" for "raising arguments that could have been raised before but were not," *Virgin*

*Grand Ests. #60 Villa Ass'n*, 2025 U.S. Dist. LEXIS 53712, at *5, the Court will briefly address

Defendant Underwriters' argument regarding the use of the word "Courts" in the plural.

The Third Circuit has unequivocally rejected this argument. *See New Jersey v. Merrill*

*Lynch & Co.*, 640 F.3d 545, 548 (3d Cir. 2011).  In the *Merrill Lynch* case, the contract at issue

contained a forum selection clause that stated: "In connection with any dispute, controversy

or claim arising out of . . . [this Agreement], each of the parties hereto agrees . . . that exclusive

jurisdiction and venue shall lie in the appropriate courts of the State [of] New Jersey." *Id.* The

defendant Merrill Lynch argued first, that "the reference to 'courts' in the plural sense, in

light of New Jersey's unified Superior Court, must include the federal courts located in that

state," and second, that "the word 'of' denotes the geographic location of the 'appropriate

*Plessen Eye, LLC, v. Marshall and Sterling Enters., Inc.*
Case No. 1:25-cv-0026
Memorandum Opinion
Page 6 of 11

courts,' rather than the governmental entity from which they derive their authority." *Id.*

Based on its interpretation of the forum selection clause, Merrill Lynch argued "that the plain

and ordinary meaning of the phrase 'appropriate courts of the State [of] New Jersey' includes

both state and federal courts in New Jersey," and therefore the forum selection clause at issue

in the case was not a "clear and unequivocal" waiver of the right of removal. *Id.* The Third

Circuit's succinct response to this argument was: "[w]e do not agree." *Id.*

Specifically, the *Merrill Lynch* Court took note of two important features of semantics

in forum selection clauses. First, on the use of plurals:

> As the District Court noted, the New Jersey Superior Court may be a unified "court," but it boasts fifteen vicinages throughout the twenty-one counties at the trial level. *The use of the plural "courts" is best read as a vestigial reference to the many tribunals comprising the Superior Court of New Jersey, not the federal district courts in the state.*
>
> This is particularly true when the small but significant word following "courts" in the forum selection clause—"of"—is taken into account. "Of" "indicates a possessive relationship" or "such relationships as ruler and subject, or owner and property."

*Id.* (emphasis added) (citation modified). Second, the Third Circuit observed and adopted the

common interpretations of the use of the word "of" used by sister circuits:

> After examining the contrast between the meanings of "in" and "of" in forum selection clauses, the Court of Appeals for the Fourth Circuit adopted "the widely-accepted rule that . . . 'in a state' expresses the parties' intent as a matter of geography, permitting jurisdiction in both the state and federal courts of the named state." On the other hand, "'of a state' connotes sovereignty, limiting jurisdiction . . . to the state courts of the named state." The Fifth Circuit put it more pithily: "Federal district courts may be in a state, but they are not of that state."

*Id.* at 548-49 (citation modified). Accordingly, it is clear—and not at all ambiguous—that the

Policy's forum selection clause providing that "each party agrees to submit to the exclusive

jurisdiction of the U.S. Virgin Islands' Courts" refers to the local courts of the U.S. Virgin Islands, and not the federal District Court for the District of the Virgin Islands. The Court finds neither clear error nor manifest injustice in its understanding of the phrase "the U.S. Virgin Islands' Courts," and will not reconsider the outcome of its March 26, 2026 Memorandum Opinion and Order on this basis.

### B. Interpretation of *Ario*

Defendant Underwriters argues that while *Ario* recognizes that "a right of removal under § 205 [of the FAA] may be waived by agreement of the parties," that there can be no waiver "in the absence of clear and unambiguous language requiring such a waiver." (ECF No. 68 at 3 (quoting *Ario*, 618 F.3d at 289).). Defendant Underwriters further argues that the Policy's requirement that "each party agrees to submit to the exclusive jurisdiction of the U.S. Virgin Island's Court" does not constitute a clear and unambiguous waiver of the right of removal under the FAA. (ECF No. 68 at 4.) Instead, Defendant Underwriters argues that the Policy's Service of Suit clause, providing in relevant part that "[n]othing in this [service of suit] clause constitutes or should be understood to constitute a waiver of the Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, [or] to remove an action to a United States District Court," ECF No. 1-2 at 19, overrides the Choice of Law & Jurisdiction clause. (ECF No. 68 at 7.) The Court previously considered this argument as made in Defendant Underwriters' original briefing. (ECF Nos. 45 at 7, 65 at 21-22.) Notwithstanding the fact that a motion for reconsideration is "not to be used as a vehicle for registering disagreement with the court's initial decision, [or] for rearguing matters

already addressed by the court,'" *Virgin Grand Ests. #60 Villa Ass'n*, 2025 WL 894742, at *2, the Court will briefly address this argument.

In *Ario,* the Third Circuit determined that the language in the service of suit provision in that case was insufficient to constitute waiver of the right of removal. 618 F.3d at 289-90. The specific language examined there stated that "the arbitration shall be in accordance with the rules and procedures established by the [Pennsylvania Uniform Arbitration Act]." *Id.* at 290. Reference to state law arbitration standards did not "opt out" the parties from application of the FAA. *Id.* at 288-89. Further, the service of suit provision at issue in *Ario* "explicitly state[d]" that "[n]othing in [it] constitutes or should be understood to constitute a waiver of Reinsurers' rights . . . to remove an action to a United States District Court." *Id.* at 290. Finally, the *Ario* Court noted that there was no language present in the service-of-suit provision "akin to 'exclusive jurisdiction' that is fundamentally incompatible with the preservation of the right to remove." *Id.* The result in *Ario* rested on the fact that the plaintiff's arguments were based on an "implicit" waiver of the right to removal in the service-of-suit provision based upon the reference to state law: "[i]t would be self-defeating, to say the least, for the reinsurers to preserve expressly in one provision what Ario argues they waived *implicitly* in another." *Id.* (emphasis added).

Following *Ario*, in contrast, the Third Circuit has held that *explicit* language that provides for exclusive jurisdiction in state courts *does* constitute a waiver of the right to remove. *See Merrill Lynch & Co.*, 640 F.3d at 548. As noted earlier, the *Merrill Lynch* Court found that a forum selection clause stating the following constituted a waiver of the right to remove: "In connection with any dispute, controversy or claim arising out of . . . [this

*Plessen Eye, LLC, v. Marshall and Sterling Enters., Inc.*
Case No. 1:25-cv-0026
Memorandum Opinion
Page 9 of 11

Agreement], each of the parties hereto agrees . . . that exclusive jurisdiction and venue shall lie in the appropriate courts of the State [of] New Jersey." *Id.* The Third Circuit concluded: "[t]he forum selection clause here does not rely upon the interpretation of any statute, state or federal; rather, it is the bargained-for result of the parties' counseled negotiation. . . the vast majority of our sister circuits have held that forum selection clauses like the one at issue here required remand to the state court." *Id.* at 549.

Here, the language of the Policy is distinguishable from *Ario*, and comparable to *Merrill Lynch*. First, the Choice of Law & Jurisdiction clause of the Policy is unequivocal: "each party agrees to submit to the *exclusive* jurisdiction of the U.S. Virgin Islands' Courts." (ECF No. 1-2 at 4 (emphasis added).) It is not a mere reference to state law arbitration standards. *See Ario*, 618 F.3d at 288-90. This explicit and "bargained-for result" of jurisdiction lying in the local courts of the Virgin Islands serves to waive the right of removal for all parties. *Merrill Lynch & Co.*, 640 F.3d at 548. Second, the *Ario* Court recognized that language that provides for "exclusive jurisdiction" is "fundamentally incompatible with the preservation of the right to remove," and thus would require a different outcome from the *Ario* case—i.e. a finding of the waiver of the right to remove. *Ario*, 618 F.3d at 290. ("[T]he words 'exclusive jurisdiction' [are] sufficiently express, clear, and unambiguous to be a waiver of § 205 rights. Any other interpretation would 'read the word exclusive out of the contract, and ignore the 'well-understood' meaning of 'exclusive[.]'" (citation modified)). Thus, remand of the instant litigation based upon the exclusive jurisdiction of the Virgin Islands' Courts is also the correct outcome under *Ario*, as this Court explained in its March 26, 2026 Memorandum Opinion. (ECF No. 65 at 22-23.)

*Plessen Eye, LLC, v. Marshall and Sterling Enters., Inc.*
Case No. 1:25-cv-0026
Memorandum Opinion
Page 10 of 11

Regarding Defendant Underwriters' argument that the Policy's Service of Suit clause overrides the Choice of Law & Jurisdiction clause, the Court looks to the "plain and ordinary meaning" of the relevant clauses to determine whether those clauses constitute a waiver of the right to remove. *Merrill Lynch & Co.*, 640 F.3d at 548 (citing *Buono Sales, Inc. v. Chrysler Motors Corp.*, 449 F.2d 715, 721 (3d Cir.1971) ("[T]he wording of a contract is to be given its plain and ordinary meaning[.]")); *see also Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 n.15 (3d Cir. 1991) (holding that to determine whether parties have contractually waived the right to remove to federal court, a court should "simply . . . us[e] the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions."). First, the Service of Suit clause does not reference or purport to modify the Choice of Law & Jurisdiction clause. The Service of Suit clause only refers to the Arbitration provision. (ECF No. 1-2 at 19 ("This Service of Suit clause will not be read to conflict with or override the obligations of the parties to arbitrate their disputes as provided for in the Arbitration provision within this Policy.").) Second, the Service of Suit clause only provides that "[n]othing in this [service of suit] clause constitutes . . . a waiver of the Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, [or] to remove an action to a United States District Court." (ECF No. 1-2 at 19.) Indeed, nothing in the *Service of Suit* clause *does* constitute waiver of the right to remove—rather, as discussed above, it is the *Choice of Law & Jurisdiction* clause that is operative to waive the right of removal. While Defendant Underwriters may not like the Court's ruling in this regard, the Court cannot retrospectively rewrite the Policy for Defendant Underwriters.

Accordingly, the Court finds neither clear error nor manifest injustice and will not reconsider the outcome of its March 26, 2026 Memorandum Opinion and Order on this basis.

## IV.     CONCLUSION

For the reasons stated herein, the Court will deny Defendant Underwriter's Motion for Reconsideration.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:** May 20, 2026                                    */s/ Robert A. Molloy*
                                                           **ROBERT A. MOLLOY**
                                                           **Chief Judge**